[Civ. No. 575. Fifth Dist. Feb. 18, 1966.]

MARKO ZANINOVICH, INC., Plaintiff and Respondent, v. RYDELL CALIFORNIA POTATO COMPANY et al., Defendants and Appellants.

Joseph Lewis for Defendants and Appellants.

Swanwick, Donnelly & Proudfit and Donald O. Welton for Plaintiff and Respondent.

CONLEY, P. J.—The defendants, Rydell California Potato Company, a corporation, and Paul Rydell and Jeanne E. Rydell, the owners of all of the stock, and the directive heads, of the corporation, appeal from a judgment correcting an error in the deed by which the Marko Zaninovich interests secured title to certain real property in Tulare County. The principal ground of the appeal is the claim that the trial court erred in giving a species of relief which was somewhat different in detail from that asked for in the complaint; during the trial the court discovered that the individual defendants had title to a reversionary interest in a portion of the land, which should have been transferred to the plaintiff as provided in the contract between plaintiff and the individual defendants; in ordering judgment that the individual defendants should now convey, the trial court permitted an amendment of the complaint to conform with proof and, therefore, to justify the requirement that the individual defendants should observe the terms of the contract which was made by them. The judgment for the plaintiff was succeeded by a motion for a new trial by the defendants, which was denied.

With respect to certain land in Tulare County, the individuals, Marko Zaninovich, Paul Rydell and Jeanne E. Rydell, executed escrow instructions with the United California Bank at its Delano branch on September 30, 1963, providing for the purchase by Mr. Zaninovich for the sum of $200,000 (cash through escrow—$155,000; unpaid balance of encumbrances of record—$45,000) from Paul Rydell and Jeanne E. Rydell of the following described land: the north half of the northwest quarter of section 23, township 24 south, range 25 east, and the south half of the southwest quarter of section 14, township 24 south, range 25 east, of Mount Diablo base and meridian, except the mineral rights, and subject to the life estate created by H. M. Harrelson and his wife in a

previous deed recorded December 31, 1956; a reference to that deed shows that the Harrelsons reserved in joint tenancy ". . . an estate for life in and to the south 300 feet of the east 200 feet of the south half of the southwest quarter of said section 14.'' In the escrow instructions, Mr. Zaninovich also bought the grape crop on the land for $16,000, and there were certain other provisions which are not involved in the present litigation.

The original escrow instructions were modified by an instrument dated September 30, 1963, to show that by grant deed executed by Paul Rydell and his wife, recorded on May 8, 1959, the land, or part of it, had been conveyed to Rydell California Potato Company, and that a grant deed was to be executed in favor of the Zaninovich interests by the potato company. The amendment to the escrow instructions also contained the provision that "At the close of escrow all funds due seller to be disbursed by Escrow Check payable to Paul Rydell and Jeanne E. Rydell and Rydell California Potato Company.''

Pursuant to the escrow instructions, as amended, Rydell California Potato Company by Paul Rydell, President, and by Jeanne E. Rydell, Secretary, executed a grant deed in favor of Marko Zaninovich, Inc., a corporation, dated November 21, 1963, by which the company conveyed to the Zaninovich corporation the south one-half of the southwest quarter of section 14, township 24 south, range 25 east, Mount Diablo base and meridian "Excepting therefrom the East 200 feet of the South 300 feet of said Section 14,'' and excepting the mineral rights as provided in the escrow instructions.

It will thus be seen that contrary to the escrow instructions, instead of excepting only the life estate, which had been reserved in a prior deed by the Harrelsons, the entire east 200 feet of the south 300 feet of said section 14 was retained without qualification.

The "Complaint to Reform Deeds and to Quiet Title'' filed July 2, 1964, alleged that on February 1, 1959, defendants, Paul Rydell and Jeanne E. Rydell, as grantors, executed and delivered a grant deed to Rydell California Potato Company, as grantee, which, by error in the description, contained a reservation of the east 200 feet of the south 300 feet of the south one-half of the southwest one-quarter of section 14, whereas it was the intention of the parties to reserve only the life estate in that land, which had previously been re-

served in the deed from H. M. Harrelson and wife to Paul Rydell and Jeanne E. Rydell. The complaint further alleged the execution of the escrow instructions termed in the pleading "an agreement in writing," in which the potato company and Paul and Jeanne Rydell agreed to grant the land involved excepting a life estate in the south 300 feet of the east 200 feet as reserved in the deed from the Harrelsons to the Rydells. It was then alleged that through inadvertence and mistake the deed from Rydell California Potato Company to plaintiff excepted ". . . the entire interest in the East 200 feet of the South 300 feet of said Section 14," and that in order to ". . . correct said errors . . ." the two deeds should be amended by striking out the words "Excepting therefrom the East 200 feet of the South 300 feet," and by inserting in lieu thereof the words: "Excepting therefrom the life estate in the South 300 feet of the East 200 feet of the South half of the Southwest quarter of Section 14, Township 24 South, Range 25 East, Mount Diablo Base and Meridian, in the County of Tulare, State of California, reserved in the deed from H. M. Harrelson and Franc B. Harrelson, husband and wife, to Paul Rydell and Jeanne E. Rydell, dated November 19, 1956, and recorded December 31, 1956, in Book 1965, page 664 of Official Records."

The complaint contained a second cause of action to quiet the title of the plaintiff to the south half of the southwest quarter of section 14, excepting only the mineral rights and the life estate of the Harrelsons in the south 300 feet of the east 200 feet.

In answer to the complaint, the potato company and the Rydells denied generally the allegations relative to the alleged mistake and maintained that the deed was complete in its present form, and that the defendants do in fact claim a right to the land as to which the correction is sought to be made by plaintiff. As a separate and affirmative defense, the defendants allege that the claim is barred by reason of section 1624, subdivision 4 of the Civil Code of California.

In its memorandum opinion relative to the trial, the court has the following to say: ". . . the defendants Rydell entered into certain 'Escrow Instructions' with the plaintiff and United California Bank (Plaintiff's Exhibit '1'). These Escrow Instructions constituted the only agreement between the parties, and the whole of their agreement. In entering into said Escrow Instructions, the defendants Rydell were

acting both individually (as appears from the face of said agreement) and as officers and agents of their controlled corporation, the defendant Rydell California Potato Company (as subsequently ratified and confirmed by said corporate defendant in the conveying of all of its interest in the property in accordance with said Escrow Instructions). The agreement is clear and concise and its terms cannot be varied by parol evidence.''

The court found that through inadvertence the contract was not carried out and expressed its intention of making the following disposition of the case: ''The Court will therefore make and enter its order requiring that said Grant Deed (Plaintiff's Exhibit No. '3') be reformed as prayed for in plaintiff's complaint and that in addition to the defendant Rydell California Potato Company, the defendants Rydell individually execute it; or, in the alternative, the defendants Rydell individually convey to the plaintiff the portion of the real property in question still held by them. In making this order, the Court is aware of the fact that this varies from the relief requested in the complaint. For this reason, permission is granted to plaintiff to amend his complaint to conform to proof as above set forth, and the Court specifically finds that in this equitable action no prejudice has been or will be suffered by the defendants by reason of such amendment and the variance in the relief requested and herein granted.''

In compliance with the court's direction, an amended complaint to conform with the proof was filed by the plaintiff and judgment was entered in due course. The judgment ordered that Paul Rydell and Jeanne E. Rydell should either join in the execution of the deed correcting the partial description of the land conveyed, or individually convey to the plaintiff the south 300 feet of the east 200 feet of the south half of the southwest quarter of section 14, township 24 south, range 25 east, Mount Diablo base and meridian, excepting therefrom only the life estate reserved to H. M. Harrelson and wife. The decree further quieted the title of Marko Zaninovich, Inc., a corporation, to the land correctly described.

In determining whether or not the trial court was in error in deciding the case as it did and permitting the plaintiff to amend its complaint to conform with proof, it should be kept in mind that the individuals, Paul Rydell and Jeanne E. Rydell, were parties to the action, and had filed pleadings

and participated in all stages of the trial so that the court had complete jurisdiction over the individuals. The case was not one in which the court added defendants at the time of decision; these individuals were at all times, from the very beginning, intensely interested and involved in the negotiations and in the suit that followed.

It must also be remembered that the basic contract involved in the litigation was the instrument denominated escrow instructions, which was executed by Mr. Zaninovich and Mr. Rydell and his wife, Jeanne E. Rydell. They were the parties who executed the agreement and were bound by it. There can be no legitimate question that what the individual parties did in connection with the basic contract was approved by their respective corporations. Neither can there be any question but that the trial court firmly believed that the differentiation between the escrow instructions and the title to the land as passed by deed evidenced a mistake. The court adopted this view notwithstanding the testimony by Paul Rydell and Jeanne E. Rydell that they had intended to convey only the area of land described in the deed to the Zaninovich interests. As to this feature of the case, this court is powerless to change the result arrived at by the trial court inasmuch as there is substantial evidence opposed to the Rydells' contention which supports the determination made by the court.

The only question raised legitimately is whether the trial court had the power to depart from the details of the complaint with respect to the method of effectuating transfer to the Zaninovich interests in accordance with the escrow instructions, and in this respect we are convinced that the trial court was well within its rights to require a somewhat different method of accomplishing the purpose clearly apparent in the complaint of insuring to the vendee the title to the land as agreed in the escrow instructions. (39 Cal.Jur.2d, Pleading, §§ 257, 258, pp. 376-380.) The contention that the individual defendants were not given sufficient leeway to object to this action of the court is scarcely realistic in view of the fact that a motion for a new trial was filed and argued by them and that it was not shown in connection with the motion that there was anything wrong in what was done or that the defendants did not have a full opportunity at that time to make clear whether they were handicapped in any way by the court's order. The trial court took pains to point

out in its memorandum ". . . that in this equitable action no prejudice has been or will be suffered by the defendants by reason of such amendment and the variance in the relief requested and herein granted."

The judgment is affirmed.

Brown (R.M.), J., and Stone, J., concurred.